UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**MAHMOUD MASOUD,**
3411 s. Chicago Ave., Apt. 29
South Milwaukee, WI 53172

Plaintiff,

vs. Case No. 21-cv-1144

**WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN,**
Registered Agent:
Wells Fargo & Company Plan Administrator
Corporate Benefits Department
MAC N9310-110
550 S. 4th Street
Minneapolis, MN 55415-1529

**WELLS FARGO & COMPANY,**
Registered Agent:
Corporate Secretary, Wells Fargo & Company
MAC D1053-300
301 South College Street
Charlotte, NC 28202

and

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**
Registered Agent:
Corporation Service Company
8040 Excelsior Dr., Ste. 400
Madison, WI 53717

Defendants.

---

# COMPLAINT

---

The Plaintiff, Mahmoud Masoud, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in South Milwaukee, Wisconsin.

2. Defendant, Wells Fargo & Company Short Term Disability Plan ("the STDI Plan"), is a self-funded employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2019 and continues to the present time.

3. Defendant, Wells Fargo & Company ("Wells Fargo"), was Plaintiff's employer during the relevant times and on information and belief is a corporation organized under the laws of California, licensed to do business in Wisconsin.

4. Wells Fargo administers the STDI Plan and pays claims arising thereunder.

5. Defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), on information and belief is a corporation organized under the laws of New Hampshire, licensed to do business in Wisconsin.

6. On information and belief, Lincoln administers and insures a long-term disability insurance plan for Wells Fargo ("the LTDI Plan"), an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2019 and continues to the present time.

## JURISDICTION & VENUE

7. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

8. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

9. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

10. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

11. Plaintiff is a former  Personal Banker for Wells Fargo.

12. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the short-term disability and long-term disability insurance ("STDI" and "LTDI") coverage provided by the STDI and LTID Plans.

13. Plaintiff ceased working on or about August 7, 2019 due to Post-Traumatic Stress Disorder ("PTSD").

14. Plaintiff's STDI benefit is worth approximately $484.90 per week.

15. Based on information and belief, Plaintiff's LTDI benefit is worth approximately $2,101.23 per month.

16. Lincoln was responsible for determining whether Plaintiff was eligible for STDI and LTDI benefits.

17. Wells Fargo and the STDI Plan were responsible for paying Plaintiff's STDI benefits.

18. Lincoln was responsible for paying Plaintiff's LTDI benefits.

19. Lincoln denied Plaintiff's STDI and LTDI benefits claims in their entirety.

20. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

21. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

22. Plaintiff submitted all information requested by the Defendants.

23. Defendants failed to consider the issues raised in Plaintiff's appeal.

24. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

25. Defendants did not perform a "full and fair review" of Plaintiff's claim.

26. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

27. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

28. Defendants failed to engage in a meaningful dialogue with Plaintiff.

29. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

30. Defendants conducted a selective review of Plaintiff's medical records.

31. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

32. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

33. At all times material to this case, the Plan has remained in full force and effect.

34. Defendants' denial of Plaintiff's STDI and LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA**

35. The preceding paragraphs are reincorporated by reference as though set forth here in full.

36. Plaintiff has been and remains disabled, as that term is defined by the Plan.

37. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

38. Defendants wrongfully denied STDI and LTDI benefits due to Plaintiff.

39. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

40. Defendants interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

41. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

42. As both the payer of claims and the adjudicator of the LTDI claim eligibility, Lincoln has an inherent conflict of interest.

43. Defendants' denial of Plaintiff's STDI and LTDI benefits was "downright unreasonable."

44. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STDI and LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Mahmoud Masoud, demands judgment from the Defendant for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. Prejudgment interest;

C. Reasonable attorney's fees and costs related to the action; and

D. Such other and further relief that the Court deems just and equitable.

Dated: October 4, 2021

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Mahmoud Masoud*

By: *___/s/ William E. Parsons___*
William E. Parsons, WI State Bar No. 1048594
Email: wparsons@hq-law.com
Jessa L. Victor, WI State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236