**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| MAHMOUD MASOUD,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN, WELLS FARGO & COMPANY and LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendants. | **Case No.:2:21-cv-01144**<br><br>**WELLS FARGO DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Wells Fargo & Company ("Wells Fargo"), and Wells Fargo & Company Short Term Disability Plan ("Plan") (collectively "Wells Fargo Defendants"), through their counsel, Fisher & Phillips LLP, hereby respond to Plaintiff Mahmoud Masoud's ("Plaintiff") Complaint as follows:

**PARTIES**

1. Wells Fargo Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Except to admit that the Plan is an employee welfare benefit plan, subject to ERISA, Wells Fargo Defendants neither admit nor deny the allegations in paragraph 2 of the Complaint as it contains legal conclusions to which no responsive pleading is required.

3. Except to admit that Wells Fargo is authorized to do business in Wisconsin and that Plaintiff was employed by Wells Fargo Bank, N.A. Wells Fargo Defendants deny the allegations in paragraph 3 of the Complaint as stated.

4. Except to refer to the Plan for the contents thereof, Wells Fargo Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are directed at Defendant Lincoln Life Assurance Company of Boston ("Lincoln") and, therefore, Wells Fargo Defendants offer no response. To the extent that the allegations contained in paragraph 5 of the Complaint allege any wrongdoing by the Wells Fargo Defendants, the Wells Fargo Defendants deny said allegations.

6. The allegations contained in paragraph 6 of the Complaint are directed at Defendant Lincoln and, therefore, Wells Fargo Defendants offer no response. To the extent that the allegations contained in paragraph 6 of the Complaint allege any wrongdoing by the Wells Fargo Defendants, the Wells Fargo Defendants deny said allegations.

## JURISDICTION AND VENUE

7. Wells Fargo Defendants admit that Plaintiff purports to bring a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(a)(1)(B). Wells Fargo Defendants, however, deny that they have violated any provision of the law or that Plaintiff is entitled to relief.

8. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 8 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

9. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 9 of the Complaint as they call for a legal conclusion to which no responsive pleading is required. To

the extent that the allegations contained in paragraph 9 of the Complaint allege any wrongdoing by the Wells Fargo Defendants, the Wells Fargo Defendants deny said allegations.

10. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 10 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

## FACTS

11. Wells Fargo Defendants admit that Plaintiff worked as a personal banker for Wells Fargo Bank, N.A. at certain times. Wells Fargo Defendants deny the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendants neither admit nor deny paragraph 12 of the Complaint as it calls for a legal conclusion for which no response is required. To the extent that the allegations contained in paragraph 12 of the Complaint require a response, Wells Fargo Defendants admit that Plaintiff received Short Term Disability (STD) benefits for a period of time and deny the remaining allegations of the complaint

13. Wells Fargo Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Except to refer to the STD Plan for the contents thereof, Wells Fargo Defendants refer to the STD Plan and documents pertinent to calculating the value of the STD benefit claimed for their response to the allegations set forth in paragraph 14 of the Complaint.

15. Except to refer to the LTD Plan for the contents thereof, the Wells Fargo Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Except to admit to that Lincoln was the designated claims administrator and to refer to the STD Plan for the contents thereof, Wells Fargo Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Except to refer to the STD Plan for the contents thereof, Wells Fargo Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Except to refer to the LTD Plan for the contents thereof, Wells Fargo Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Wells Fargo Defendants deny the allegations set forth in paragraph 19 of the Complaint with regard to the STD benefits. The remaining allegations contained in paragraph 19 of the Complaint are directed at Defendant Lincoln and, therefore, Wells Fargo Defendants offer no responses to said allegations.

20. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 20 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

21. Except to admit that Plaintiff submitted medical documentation, Wells Fargo Defendants deny the allegations contained in paragraph 21 of the Complaint and refer to the administrative record.

22. Wells Fargo Defendants deny the allegations contained in paragraph 22 of the Complaint and refer to the administrative record.

23. Wells Fargo Defendants deny the allegations contained in paragraph 23 of the Complaint and refer to the administrative record.

24. Wells Fargo Defendants deny the allegations contained in paragraph 24 of the Complaint and refer to the administrative record.

25. Wells Fargo Defendants deny the allegations contained in paragraph 25 of the Complaint and refer to the administrative record.

26. Wells Fargo Defendants deny the allegations contained in paragraph 26 of the Complaint and refer to the administrative record.

27. Wells Fargo Defendants deny the allegations contained in paragraph 27 of the Complaint and refer to the administrative record.

28. Wells Fargo Defendants deny the allegations contained in paragraph 28 of the Complaint and refer to the administrative record.

29. Wells Fargo Defendants deny the allegations contained in paragraph 29 of the Complaint and refer to the administrative record.

30. Wells Fargo Defendants deny the allegations contained in paragraph 30 of the Complaint and refer to the administrative record.

31. Wells Fargo Defendants deny the allegations contained in paragraph 31 of the Complaint and refer to the administrative record.

32. Wells Fargo Defendants deny the allegations contained in paragraph 32 of the Complaint and refer to the administrative record.

33. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 33 of the Complaint as it contains legal conclusions to which no responsive pleading is required.

34. Wells Fargo Defendants lack knowledge and information sufficient to respond to the allegations contained in paragraph 34 of the Complaint and therefore deny said allegations

**FIRST CAUSE OF ACTION**
**(Alleged Claim for Benefits under ERISA § 502(a)(1)(B))**

35. Wells Fargo Defendants repeat and reallege their responses to paragraphs 1-34 of the Complaint as if fully set forth herein.

36. Wells Fargo Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Wells Fargo Defendants neither admit nor deny the allegations in paragraph 37 of the Complaint as it contains legal conclusions to which no responsive pleading is required. If and

to the extent that a response is required, Wells Fargo Defendants deny the allegations contained in paragraph 37 of the Complaint

38. Wells Fargo Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Wells Fargo Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Wells Fargo Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Wells Fargo Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are directed at Defendant Lincoln. To the extent that the allegations contained in paragraph 42 of the Complaint allege any wrongdoing by the Wells Fargo Defendants, the Wells Fargo Defendants deny said allegations.

43. Wells Fargo Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Wells Fargo Defendants deny the allegations contained in paragraph 44 of the Complaint.

**WHEREFORE**, Wells Fargo Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety and with prejudice and awarding Wells Fargo Defendants their costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Wells Fargo Defendants have acted in accordance with the documents and instruments governing the applicable Plan.

**THIRD DEFENSE**

Plaintiff's claims are barred because the claims determination was not arbitrary, capricious, unreasonable, or made in bad faith.

**FOURTH DEFENSE**

Plaintiff has failed to satisfy all conditions precedent to any claim for benefits in that he has failed to establish that he was disabled as defined by the applicable Plan.

**FIFTH DEFENSE**

Plaintiff is not entitled to recovery because, among other things, he has failed to comply with his burden under the terms of the applicable Plan to establish that he was disabled as defined by said Plan.

**SIXTH DEFENSE**

Any liability of Wells Fargo Defendants is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the applicable Plan documents.

**SEVENTH DEFENSE**

Plaintiff's remedies for any alleged act or omission are limited solely to those provided by ERISA.

**EIGHTH DEFENSE**

Should there be a determination that Plaintiff is entitled to disability benefits, Wells Fargo Defendants are entitled to offset from the collateral source benefits defined in the Plan as offsetting

benefits, including all other Social Security and disability benefits paid or payable as and to the extent provided by the Plan

**NINTH DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations or similar time bar, including but not limited to the time limitations set forth in the applicable Plan.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent he failed to satisfy administrative prerequisites, if any, and/or exhaust any required administrative remedies prior to bringing this civil action.

**ELEVENTH DEFENSE**

Wells Fargo Defendants are entitled to offset, and to reimbursement, of any and all amounts received by Plaintiff from any third party as a result of any accident, injury, or illness for which Plaintiff has asserted a claim for benefits.

**TWELFTH DEFENSE**

Plaintiff has not stated a valid claim for attorneys' fees or penalties under ERISA.

**THIRTEENTH DEFENSE**

Wells Fargo Defendants expressly reserve their right to amend their answer and to assert additional affirmative defenses, and to supplement, alter, or change their answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Wells Fargo Defendants' further undertaking of discovery and investigation of this matter.

**WHEREFORE**, Wells Fargo Defendants respectfully request that the Complaint be dismissed in its entirety and with prejudice, and that Wells Fargo Defendants be awarded their attorneys' fees and costs and any further relief deemed appropriate by the Court.

Respectfully submitted,

_/s/ Jason D. Keck___________________
Jason D Keck, Esq.
**FISHER & PHILLIPS, LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061 (TEL)
(312) 346-3179 (FAX)
Email: jkeck@fisherphillips.com

Kathleen McLeod Caminiti, Esq. (Admission to be filed)
Fisher & Phillips LLP
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
Telephone: (908) 516-1062
Facsimile: (908) 516-1051
Email: kcaminiti@fisherphillips.com

*Counsel for Wells Fargo Defendants*

Dated: December 8, 2021