**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**MAHMOUD MASOUD,**

**Plaintiff,**

**V.**

**WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN, WELLS FARGO & COMPANY, and LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**

**Defendants.**

**CIVIL ACTION NO. 2:21-CV-01144-PP**

---

# JOINT DISCOVERY PLAN AND RULE 26(f) REPORT

---

Pursuant to the Court's Order of December 9, 2021, and Fed. R. Civ. P. 26(f), on January 6, 2022, William Parsons on behalf of Plaintiff Mahmoud Masoud ("Plaintiff"), Iwana Rademaekers on behalf of Defendant Lincoln Life Assurance Company of Boston ("Lincoln"), and Kathleen McLeod Caminiti on behalf of Defendants Wells Fargo & Company ("Wells Fargo") and the Wells Fargo & Company Short-Term Disability Plan (the "STD Plan"), conferred to discuss the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, the timing for initial disclosures, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. **Brief Statement of the Nature of the Case.**

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks benefits from the STD Plan. Lincoln, who provided certain services pertaining to claims for STD benefits under the terms of a contract between Wells Fargo and Lincoln, denied Plaintiff's claim for benefits under the terms of the STD Plan. Plaintiff also seeks as long term disability benefits under a group benefits program (the "LTD Plan") in which Plaintiff was a participant as a result of his employment. Lincoln, as the claims administrator for the benefits under the LTD Plan, denied Plaintiff's claim for benefits under the terms of the LTD Plan.

2. **Amendment to Pleadings/Additional Parties.**

None at this time.

3. **Joinder of Parties.**

The parties do not anticipate joining other parties.

4. **The nature of the discovery each party contemplates, and the amount of time the parties believe they need to complete that discovery.**

As this is an ERISA benefits case, Defendants believe no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before April 14, 2022.

5. **Contemplated Motions.**

None at this time.

6. **Estimated Length of Trial.**

Plaintiff and Defendants agree Plaintiff's claims are governed by ERISA. As such, trial should be unnecessary for the final disposition of this case and, the event that the parties

do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the parties anticipate that it will take 8-12 hours to present the evidence in this case.

7. **Request for Jury Trial.**

None. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial.

8. **Other issues that might impact trial scheduling.**

Plaintiff and Defendants agree Plaintiff's claims are governed by ERISA and that trial should be unnecessary for the final disposition of this case. In the event that the parties do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. To facilitate the submission of the case to the Court, the parties jointly propose that the Court establish the following schedule in this matter:

A. April 14, 2022 - Deadline to Complete Discovery.

B. May 5, 2022 - Deadline to file Stipulated Administrative Record.

C. June 2, 2022 - Deadline to file cross motions for summary judgment.

E. June 23, 2022 - Deadline to file response briefs.

9. **Statement of the Parties.**

The parties have discussed each of the above issues. After conferring, counsel for the parties have agreed upon the contents of this report.

Dated: January 6, 2022.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
**COUNSEL FOR DEFENDANT, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

- AND -

**HAWKS QUINDEL, S.C.**

*/s/ Jessa L. Victor*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236
**COUNSEL FOR PLAINTIFF, MAHMOUD MASOUD**

- AND -

**FISHER & PHILLIPS, LLP**

Kathleen McLeod Caminiti
Fisher & Phillips LLP
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
Telephone: (908) 516-1062
Facsimile: (908) 516-1051
Email: kcaminiti@fisherphillips.com

**COUNSEL FOR WELLS FARGO DEFENDANTS**